UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MONNIE GREER ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-0682** |
| **DENBURY RESOURCES, INC. AND GARETH ROBERTS** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that, because plaintiffs are not consumers or business competitors of the defendants, their claims under the Louisiana Unfair Trade Practices Act are **DISMISSED**.

**IT IS FURTHER ORDERED** that "Defendants' Motion to Dismiss, or Alternatively, for Partial Summary Judgment Dismissing Plaintiffs' Punitive (Treble) Damage Claims" is **GRANTED**, and the claims are **DISMISSED**.  (Document #79.)

### I. BACKGROUND

The plaintiffs [1] are former employees of Denbury Resources, Inc. (Old Denbury) and

---

[1] The plaintiffs are Monnie Greer, a reservoir engineer; Kevin Jordan, an oil scout; Steve Freeman, a production engineer; Gia LePere, a regulatory specialist; Steven C. Whitehurst, a production engineer; Bernard Hagstette, a purchasing manager; Willard Powell, a geologist; Frank W. Currow, Jr., a senior geophysicist; Frank Caponegro, a senior reservoir engineer; Edward M. Schehr, Jr., a petroleum geologist; Thomas Bath, a geological consultant; and Alice

performed services in the offshore oil and gas industry for a subsidiary, Denbury Offshore, Inc. (Offshore), in Covington, Louisiana. Old Denbury purchased Matrix Oil and Gas Company on July 10, 2001 and renamed it Offshore. Old Denbury retained Matrix's managers and employees, some of whom are the plaintiffs, and offered them an opportunity to share in Offshore's profits through stock options. The plaintiffs received stock options under Old Denbury's "Stock Option Plan" as documented in the "Incentive Stock Option Agreements." The stock options would vest and could be exercised over time.

On December 29, 2003, the board of directors of Old Denbury entered into a corporate reorganization, merged with a limited liability company, and ceased to have its own corporate existence. During the period of reorganization, there was no board of directors. A new company named Denbury Resources, Inc. (New Denbury) was formed, and the Old Denbury "Stock Option Plan" was transferred to the new company. The board of directors of Old Denbury became the board of directors of New Denbury.

On March 10, 2004, the Offshore employees were told that New Denbury had decided to sell Offshore and that their jobs would probably be terminated. The New Denbury board of directors had approved a plan whereby all plaintiffs would be retired from Offshore between March and July 2004. The plaintiffs received severance pay and were able to exercise stock options that were vested as of the date of termination. Unvested stock options would be canceled when their employment ended.

The plaintiffs filed a petition for damages in Civil District Court for the Parish of

---

Caminita, an assistant engineering technician/records clerk.

Orleans, State of Louisiana, against Denbury and Gareth Roberts, the Chief Executive Officer of Denbury, to recover the value of all stock options on grounds that the lay-off plan accelerated the vesting of all outstanding stock options as of the date of termination.  The plaintiffs allege causes of action for 1) breach of contract based on the "Stock Option Plan," 2) breach of an oral contract for failure to honor an agreement to vest all options upon the sale of  Offshore, 3) detrimental reliance, 4) breach of duty of good faith, 5) bad faith obligor, 6) negligent misrepresentation, 7) breach of fiduciary duty, 8) wages due, 9) violations of the Louisiana Unfair Trade Practice Act (LUTPA) with treble damages, and 10) unjust enrichment.  The defendants removed the case to federal court.

## II. DISCUSSION

The defendants filed a "Motion to Dismiss, or Alternatively, for Partial Summary Judgment Dismissing Plaintiffs' Punitive (Treble) Damage Claims" under LUTPA.  The court ordered the parties to submit supplemental memoranda on the threshold issue of whether the plaintiffs are consumers or business competitors, who are protected under LUTPA.

The plaintiffs contend that they have standing to sue under LUTPA in their capacities as private persons injured as a result of the defendants' unfair and deceptive actions.  The plaintiffs argue that LUTPA should not be limited in its application to consumers and competitors, but should be applied broadly to include any person who suffers a loss as a result of an unfair or deceptive trade practice.

The plaintiffs further argue that they have standing as potential business competitors of the defendants.  The plaintiffs contend that the defendants intentionally used the stock options to

deter the plaintiffs from leaving their employment and potentially contributing to the success of a Denbury competitor.[2]

LUTPA states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La. Rev. Stat. 51:1405. "The determination of what is an unfair trade practice must be made on a case-by-case basis. Vermilion Hospital, Inc. v. Patout, 906 So.2d 688, 691 (La. Ct. App. 2005). "Except for [several panels of] the Louisiana First Circuit Court of Appeals, Louisiana courts, both state and federal, have uniformly held the personal right of action granted under LUTPA applies only to direct consumers or to business competitors." Id. at 692 (following the prevailing jurisprudence that LUTPA applies only to direct consumers or to business competitors) (citations omitted); see Gil v. Metal Service Corp., 412 So.2d 706 (La. Ct. App. 1982) (Terminated employee "is not a member of one of the protected classes [of consumers or business competitors]; he does not have a cause of action under this statute."); see also Thibaut v. Thibaut, 607 So.2d 587, 607 (La. Ct. App. 1992) ("recovery under La.R.S. 51:1405 is limited to consumer and business competitors," and plaintiff partners were not business competitors of the newly formed business); Tubos de Acero de Mexico v. Am. Int'l Investment, 292 F.3d 471, 480 (5th Cir. 2002) ("LUTPA's private right of action is limited to direct consumers or to business competitors."); see also Plaquemine Marine, Inc. v. Mercury Marine, 859 So.2d 110, 117 (La. Ct. App. 2003) (recognizing that federal courts agree with the Louisiana Fifth Circuit's holding that LUTPA applies only to consumers and business competitors). In order to qualify as a business competitor, the plaintiff

---

[2] The plaintiffs do not allege that they are consumers.

must actually or potentially engage in business that competes directly or indirectly with the defendant as a business competitor.  <u>Tubos de Acero de Mexico</u>, 292 F.3d at 480.

The plaintiffs do not allege that they were actual business competitors of Denbury.  Although they allege that they were potential business competitors, the plaintiffs do not identify a business in which they engaged or attempted to engage that potentially competed with Denbury at the time that the alleged unfair trade practices occurred.  Accordingly, the plaintiffs are not consumers or business competitors within the meaning of LUTPA, and the LUTPA claim is dismissed.  Because the plaintiffs are not consumers or competitors that are protected under LUTPA, they are not entitled to treble damages, and the claim is dismissed.

New Orleans, Louisiana, this  21st  day of February, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

5